United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 02-60985
Summary Calendar
_____

STEPHANIE ROBERSON

Plaintiff - Appellant

VERSUS

LABOR FINDERS

Defendant - Appellee

_____

Appeal from the United States District Court
For the Southern District of Mississippi, Hattiesburg
2:02-CV-130
_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberson challenges the district court's order dismissing her suit without prejudice.

Stephanie Roberson filed a complaint seeking recovery for personal injuries she sustained when a forklift struck her apparently during the course of her employment. The magistrate

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge to whom the case was assigned was unable to determine from the pleadings the basis for the court's jurisdiction or the nature of the claim, that is whether it was a contract suit, a tort suit or a worker's compensation suit. The magistrate judge directed Ms. Roberson to amend her petition to state with specificity the legal claims presented and the facts she relied on in support thereof. When the plaintiff did not respond, the magistrate judge recommended that the case be dismissed for two reasons: (1) the complaint did not demonstrate that the claim was within the court's jurisdiction and (2) the plaintiff failed to amend her complaint as directed by the court.

The district court adopted the magistrate judge's findings, accepted the magistrate judge's recommendations and dismissed the case without prejudice.

Unfortunately, Ms. Roberson, who filed this appeal *pro se*, addressed neither ground upon which the court dismissed her suit. Her brief is limited to a discussion of the facts surrounding her accident.

When an appellant fails to address the merits of an opinion or fails to identify any error, the practical effect "is the same as if [she] had not appealed that judgment." *Brinkmann v. Dallas County,* 813 F.2d 744, 748 (5th Cir. 1987) Because the appellant failed to address the grounds for the district court's ruling, we

2

consider her claims abandoned.[1]

      Appeal DISMISSED.

---

[1] Roberson also filed a motion to add another party to this suit. The motion is denied.